[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16066
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 1, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-01425-CV-2-RDP

BRIDGETTE BURGIN,

Plaintiff-Appellant,

versus

TIM LAHAYE, Tyndale Publishing,
JERRY B. JENKINS, Tyndale
Publishing (Book Publisher),

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 1, 2010)

Before EDMONDSON, BLACK and MARTIN, Circuit Judges.

PER CURIAM:

Bridgette Burgin, proceeding pro se, sued Tim LaHaye and Jerry B. Jenkins, alleging copyright infringement in violation of 17 U.S.C. § 101, *et seq.* Burgin contends two books the defendants co-authored, *The Regime* and *The Rising*, infringed the copyright Burgin holds in her unpublished manuscript, *The Final Call*. The district court granted summary judgment in LaHaye's and Jenkins's favor, and Burgin appeals. Burgin, again proceeding pro se, argues that the district court erred because (1) she showed the defendants had access to *The Final Call*, (2) she showed *The Regime* and *The Rising* were substantially similar to *The Final Call*, and (3) the defendants failed to prove they independently created their works. After carefully considering the record and liberally construing Burgin's pro se brief,[1] we affirm.

The district court did not err by granting summary judgment in LaHaye's and Jenkins's favor.[2] In setting out her prima facie case of copyright infringement, Burgin was required to show that (1) she owns a valid copyright in *The Final Call*,[3]

[1] We read pro se briefs liberally, but issues not briefed on appeal are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

[2] We review the district court's grant of summary judgment de novo, viewing all the evidence and drawing all reasonable inferences in favor of Burgin, the non-movant. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). In the copyright context, summary judgment is appropriate when "no reasonable jury, properly instructed, could find that the two works are substantially similar." *Peter Letterese and Assocs., Inc. v. World Inst. of Scientology Enters., Int'l*, 533 F.3d 1287, 1302 (11th Cir. 2008) (quotation omitted).

[3] Neither defendant disputes that Burgin owns a valid copyright in *The Final Call*.

and (2) the defendants copied protected elements of *The Final Call*.[4] *See Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1232–33 (11th Cir. 2010). Because Burgin has not identified any direct proof that either LaHaye or Jenkins copied her work, she must establish this element of her prima facie case with circumstantial evidence. *See Peter Letterese and Assocs., Inc. v. World Inst. of Scientology Enters., Int'l*, 533 F.3d 1287, 1300 (11th Cir. 2008). Burgin seeks to carry this burden by showing first that LaHaye and Jenkins had access to *The Final Call* and second that there is a "probative similarity" between her work and theirs.[5] *See id.* at 1301.

Here, even viewing the evidence in the light most favorable to Burgin, she has not shown that either of the defendants had access to her work, and thus has not established an inference of copying. Burgin has not demonstrated that either LaHaye or Jenkins ever had a reasonable opportunity to view a manuscript of *The*

---

[4] This second prong requires Burgin to establish both "factual and legal copying"; that is, she must show (i) as a factual matter, that the defendants copied portions of her work, and (ii) as a mixed issue of fact and law, that those copied portions are "protected expression" and are "of such importance to [*The Final Call*]" that the copying is actionable. *Peter Letterese and Assocs., Inc. v. World Inst. of Scientology Enters., Int'l*, 533 F.3d 1287, 1300 (11th Cir. 2008) (quotations omitted).

[5] A copyright plaintiff may also establish factual copying with circumstantial evidence by showing that the works are "strikingly similar," such that "the proof of similarity in appearance is so striking that the possibilities of independent creation, coincidence and prior common source are, as a practical matter, precluded." *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007) (quotation omitted). Burgin has not argued to either the district court or to this Court that the defendants' works are strikingly similar to hers, nor did the district court address striking similarity in its order. Accordingly, we do not address it on appeal.

*Final Call. See Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007) ("Access requires proof of a reasonable opportunity to view the work in question." (quotation omitted).). The evidence shows that neither LaHaye nor Jenkins was affiliated with the Peter Taylor Prize writing competition, to which Burgin submitted her work. That Jenkins may or may not have corresponded with one of the Peter Taylor Prize judges regarding an entirely separate matter does not establish a reasonable opportunity for Jenkins to have viewed Burgin's original work. To consider this flimsy "evidence" sufficient to establish access would be entirely speculative. *See Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 113 (5th Cir. 1978) ("[A] finding of access in this case would be based on speculation or conjecture, and this is impermissible.").

Burgin also asserts that submission of a portion of her work to a Writer's Digest writing competition was sufficient to show access.[6] The evidence shows that LaHaye has never had any connection to the Writer's Digest prize, and, although Jenkins was a judge for the competition, Burgin has not shown that he had a reasonable opportunity to view the work. Burgin submitted her writing in the competition categories of romance, thriller and suspense, and science-

---

[6] There is some dispute as to which portion of *The Final Call* Burgin submitted. The district court found that Burgin submitted an 11-page excerpt from Chapter 27, whereas Burgin claims she submitted the whole of Chapter 1.

4

fiction/fantasy; Jenkins judged only the Inspirational Writing (Spiritual/Religious) category. Burgin's work never progressed past the first round of the competition; Jenkins judged only the second round. Moreover, the evidence shows that the many manuscripts that were not chosen to progress to the second round were set to be destroyed. A mere allegation that Jenkins was affiliated with the same large writing competition to which Burgin submitted her work is not enough to establish access. Concluding that Jenkins *may* have seen Burgin's work although he judged a different category and a different round would be impermissibly speculative. *See Ferguson* 584 F.2d at 113.[7]

Moreover, even if Burgin *could* show that the defendants had access to her work and that the works were probatively similar, such circumstantial proof raises only a *presumption* of copying, which LaHaye and Jenkins could rebut with evidence of independent creation. *See Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir. 2002). Here, the defendants testified in detail regarding their collaborative creative process for composing the two works in question, and both have maintained that they had never seen or read Burgin's manuscript. *See id.* at 1233 ("[The defendant] can fully negate any claim of infringement if he can prove

---

[7] Because Burgin has failed to show that either defendant had access to her original work, we do not address the second requirement of proving copying by circumstantial evidence—namely, whether the defendants' works are probatively similar to *The Final Call*. *See Peter Letterese*, 533 F.3d at 1300–01.

5

that he independently created [the work in question].")  Burgin has offered no evidence to refute this testimony.  *See id.*  ("Once [the defendant] offers evidence of independent creation, [the plaintiff] has the burden of proving that [the defendant] in fact copied [the work in question].").  This evidence of independent creation further detracts from Burgin's claim of infringement.  Accordingly, the district court did not err in granting summary judgment in LaHaye's and Jenkins's favor.

**AFFIRMED.**